IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH L. WHITE and
HO-CHUNK NATION HEALTH PLAN,

                Plaintiffs,

v.                                                                                                                                          ORDER

CHALLENGER MOTOR FREIGHT, INC.,                           16-cv-331-jdp
NORTHBRIDGE COMMERCIAL INSURANCE
COMPANY, and ALAN CAMERON,

                Defendants.

---

      This is a personal injury case in which plaintiff Joseph White alleges that he was injured in a car crash with defendant Alan Cameron, who was driving a semi-truck as part of his employment with defendant Challenger Motor Freight, Inc. Plaintiff Ho-Chunk Nation Health Plan is White's insurer, and defendant Northbridge Commercial Insurance Company is Challenger Motor's insurer (and thus, Cameron's insurer). Plaintiffs allege that the court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000. Dkt. 1, ¶ 6.

      "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The parties invoking federal jurisdiction—here plaintiffs—bear the burden of establishing that jurisdiction is present. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). Plaintiffs allege that Cameron is a citizen of Canada, Dkt. 1, ¶ 3, but their remaining allegations are insufficient to determine the citizenships of the other four parties to this suit. Thus, the court will direct plaintiffs to

file an amended complaint that adequately alleges a basis for exercising subject matter jurisdiction over this case.

Plaintiffs allege that White is "a resident of Wisconsin." *Id.* ¶ 1. "But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). In amending their complaint, plaintiffs must properly allege White's citizenship by alleging his domicile, not his residence.

Plaintiffs allege that Challenger Motor "is a Canadian corporation with its registered office located at 300 Maple Grove Road, Cambridge, Ontario." Dkt. 1, ¶ 2. But the method for determining a foreign corporation's citizenship is the same as the method for determining a domestic corporation's citizenship: the corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). In their amended complaint, plaintiffs must properly allege Challenger Motor's citizenship by alleging the state in which it has its principal place of business, not merely its "registered office."

Plaintiffs allege that Ho-Chunk Nation Health Plan and Northbridge Commercial both had insurance policies with their respected insureds, and that both are proper parties to this action pursuant to Wisconsin law. Dkt. 1, ¶¶ 4-5 (citing Wis. Stat. §§ 803.03(2), .04(2)). Plaintiffs do not allege any information about the citizenship of either insurer. In their amended complaint, plaintiffs must properly allege the citizenships of Ho-Chunk Nation Health Plan and Northbridge Commercial.

In short, the court cannot determine the citizenships of four of the five parties to this suit. Thus, plaintiffs have not alleged a basis from which the court can exercise subject matter jurisdiction over this case. Rather than dismiss the case outright, the court will afford plaintiffs an opportunity to amend their complaint. If plaintiffs fail to timely amend, or if they fail to adequately allege a complete diversity of citizenship, then the court will dismiss this case for lack of subject matter jurisdiction.

### ORDER

IT IS ORDERED that:

1. Plaintiffs Joseph White and Ho-Chunk Nation Health Plan may have until June 16, 2016, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining whether the court has subject matter jurisdiction under 28 U.S.C. § 1332.

2. If plaintiffs fail to timely amend their complaint, then the court will dismiss this case for lack of subject matter jurisdiction.

Entered June 2, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge